UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN GABRIEL DOMINGUEZ FLORES,<br>Petitioner,<br>v.<br>WARDEN OF IMPERIAL REGIONAL DETENTION FACILITY, et al.,<br>Respondents. | Case No.: 26-cv-4339-CAB-AHG<br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS** |

This is Petitioner's second petition for a writ of habeas corpus. [Doc. No. 1 ("Petition").] As a result of his first petition, this Court ordered Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226. *See Dominguez Flores v. Cruz, et al.*, No. 3:26-cv-02864-CAB-AHG (S.D. Cal. May 18, 2026). On June 1, 2026, Petitioner received a bond hearing, during which the Immigration Judge ("IJ") denied bond, finding Petitioner was a flight risk and "no amount of bond could mitigate said risk." [Doc. No. 1 at 19.] On June 30, 2026, Petitioner timely appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), which remains pending. [Doc. No. 1 at 26; Doc. No. 1-8.]

In this Petition, Petitioner argues that the bond hearing and resulting decision were "constitutionally deficient" and asks the Court to order Petitioner's immediate release or, in the alternative, "conduct a hearing before this Court to determine whether Petitioner

presents a flight risk or danger that justifies continued detention." [Doc. No. 1 at 2–3, 30.] Respondents counter that this request is not properly before the Court because "Petitioner has (1) already received the requested habeas relief (bond hearing), (2) failed to exhaust his administrative remedies [before the Board of Immigration Appeals ("BIA")], and (3) abused the writ by filing a successive petition alleging he has not received an individualized bond hearing." [Doc. No. 5 at 4.]

The Court agrees with Respondents. As the Ninth Circuit has explained, a petitioner must "have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Only once Petitioner has exhausted his administrative remedies by appealing to *and* receiving a decision from the BIA may he seek relief on that bond determination via a habeas petition to this Court. *Id.*

The Court therefore **DISMISSES** the Petition without prejudice.

The Clerk of the Court shall close the case.

It is **SO ORDERED.**

Dated: September 16, 2026

Hon. Cathy Ann Bencivengo
United States District Judge